**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Donelle Mastropietro<br>10 Howland Ave.<br>Mechanicville, NY 12118<br><br>      Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd., Suite 206<br>Toledo, OH 43614<br><br>      Defendant. | Case No.<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT AND**<br>**OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around September 5, 2008, Defendant telephoned the parents of Plaintiff's ex-fiancé ("Ex's Parents") and left a recorded voice message.

10. During this communication, Defendant represented to Ex's Parents that Defendant had legal papers regarding Plaintiff.

11. On or around September 8, 2008, Plaintiff telephoned Defendant.

12. During this communication, Plaintiff notified Defendant that Plaintiff did not reside with Ex's Parents and requested that Defendant cease all further communication with Ex's Parents.

13. During this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would take legal action against Plaintiff.

14. During this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would continue calling Ex's Parents.

15. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and/or abusive manner.

16. During this communication, Defendant taunted Plaintiff by chanting "I'm going to call your mother-in-law, I'm going to call your mother-in-law!"

17. Despite having notice, on or around September 8, 2008, Defendant again telephoned Ex's Parents.

18. On or around September 21, 2008, Defendant telephoned Plaintiff.

19. During this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would levy Plaintiff's bank account.

20. During this communication, Defendant represented to Plaintiff that, unless Plaintiff paid the debt, Defendant would garnish Plaintiff's wages.

21. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e by indicating that undetermined fees and costs would be collected.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Macey & Aleman, P.C.

                By: */s/ Richard J. Meier*
                Richard J. Meier
                Jeffrey S. Hyslip
                233 S. Wacker Drive, Suite 5150
                Chicago, IL 60606
                Tel: 1.866.339.1156
                Fax: 1.312.822.1064
                rjm@legalhelpers.com
                jsh@legalhelpers.com
                *Attorneys for Plaintiff*